UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------x
SHENEE COLEMAN,

Plaintiff,

v.

600 PAOLI POINTE DRIVE OPERATIONS LLC,
and GENESIS ADMINISTRATIVE SERVICES LLC,
and GENESIS HEALTHCARE, INC.,
and GENESIS HEALTHCARE (DE) LLC,
and GHC PAYROLL, LLC,

Defendants.
---------------------------------------x

Civil Action No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Shenee Coleman ("Plaintiff" or "Ms. Coleman"), by and through her attorneys, Greenberg Gross LLP, as and for her Complaint against 600 Paoli Pointe Drive Operations LLC, Genesis Administrative Services LLC, Genesis Healthcare, Inc., Genesis Healthcare (DE) LLC, and GHC Payroll, LLC (collectively, "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Ms. Coleman began working for Defendants as a Business Office Manager in March 2026. She was the only racial minority member of her administrative department. During her employment, she reported altered resident contracts and unapproved admission pricing. She raised these concerns in writing to management and through the compliance hotline. Her supervisor then told her to stop emailing because she was "leaving a paper trail." The next morning, on or about June 3, 2026, Defendants terminated her employment on a false and pretextual basis. In reality, Defendants wrongfully terminated Ms. Coleman in discrimination based on her race and in retaliation for her good faith reports of wrongdoing.

## ADMINISTRATIVE PROCEDURES

2. Plaintiff has filed, or will file, a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") asserting the federal claims arising from the conduct alleged herein. Upon receipt of a Notice of Right to Sue, Plaintiff will seek leave to amend this Complaint to add those claims.

3. Plaintiff's claims under the Pennsylvania Human Relations Act remain within the exclusive jurisdiction of the Pennsylvania Human Relations Commission (the "PHRC"). Upon the expiration of the one-year period prescribed by 43 P.S. § 962(c)(1), or the earlier closure of the PHRC proceedings, Plaintiff will seek leave to amend this Complaint to add those claims.

4. Any and all other prerequisites to the filing of this suit have been met.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under federal law. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this District.

## PARTIES

7. Plaintiff Shenee Coleman is an individual residing in Philadelphia, Pennsylvania. At all relevant times, Plaintiff was employed by Defendants and was an "employee" within the meaning of the federal and state claims alleged in this Complaint.

8. Defendant 600 Paoli Pointe Drive Operations LLC ("Highgate at Paoli Pointe") is a corporation organized under Pennsylvania law with headquarters located at 101 East State Street, Kennett Square, Pennsylvania 19348. At all relevant times, Highgate at Paoli Pointe was Plaintiff's "employer" within the meaning of the federal and state claims alleged in this Complaint.

9. Defendant Genesis Administrative Services LLC ("Genesis Administrative Services") is a corporation organized under Pennsylvania law with headquarters located at 101 East State Street, Kennett Square, Pennsylvania 19348. At all relevant times, Genesis Administrative Services was Plaintiff's "employer" within the meaning of the federal and state claims alleged in this Complaint.

10. Defendant Genesis Healthcare, Inc. ("Genesis Healthcare") is a corporation organized under Pennsylvania law with headquarters located at 101 East State Street, Kennett Square, Pennsylvania 19348. At all relevant times, Genesis Healthcare was Plaintiff's "employer" within the meaning of the federal and state claims alleged in this Complaint.

11. Defendant Genesis Healthcare (DE) LLC ("Genesis LLC") is a corporation organized under Pennsylvania law with headquarters located at 101 East State Street, Kennett Square, Pennsylvania 19348. At all relevant times, Genesis LLC was Plaintiff's "employer" within the meaning of the federal and state claims alleged in this Complaint.

12. Defendant GHC Payroll, LLC ("GHC Payroll") is an entity doing business in the Commonwealth of Pennsylvania with headquarters located at 101 East State Street, Kennett Square, Pennsylvania 19348. At all relevant times, GHC Payroll was Plaintiff's "employer" within the meaning of the federal and state claims alleged in this Complaint.

13. At all relevant times, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine. Upon information and belief, Defendants shared

common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

14. At all relevant times, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with the Defendants and in furtherance of Defendants' business.

## **FACTUAL ALLEGATIONS**

15. Ms. Coleman is an African American woman and was the only racial minority member of the administrative department at Highgate at Paoli Pointe. Ms. Coleman engaged in protected activity by reporting in good faith, in writing to Defendants' management and through Defendants' compliance hotline, what she reasonably believed were altered and falsely dated resident contracts, admissions without required financial documentation, and unapproved resident pricing, and by declining her supervisor's directive to stop documenting those concerns in writing.

16. On or about March 3, 2026, Ms. Coleman began working for Defendants as a Business Office Manager at the Highgate at Paoli Pointe senior living community in Chester County. Her duties included maintaining resident files in compliance with state regulations and processing resident admission contracts and rates.

17. Ms. Coleman is an African American woman and was the only racial minority member of the administrative department at Highgate at Paoli Pointe.

18. From in or around late February 2026 through May 2026, Ms. Coleman observed that resident admission contracts prepared by Defendants' sales and marketing director were repeatedly altered, including a contract bearing a power of attorney's signature dated before that person held authority to sign. She also observed residents admitted without required financial documentation and at rates and discounts that Defendants' corporate office had not approved.

19. From on or about May 20, 2026 through June 2, 2026, Ms. Coleman reported these practices in writing to her supervisor, the Market President, and corporate revenue staff, warning that the contracts could be challenged by state regulators. In or around late May 2026, she also reported the conduct to Defendants' compliance hotline as unethical and possibly fraudulent.

20. On or about June 2, 2026, Ms. Coleman's supervisor directed her to stop raising her concerns by email because she was "leaving a paper trail," and to call instead. Ms. Coleman declined and stated that she would continue to raise her concerns in writing.

21. On or about June 3, 2026, the following morning, Defendants terminated Ms. Coleman's employment on a false and pretextual basis.

22. In reality, Defendants wrongfully terminated Ms. Coleman in discrimination based on her race and in retaliation for her good faith reports of wrongdoing.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of 42 U.S.C. § 1981)**
**Against Defendants Highgate at Paoli Pointe, Genesis Administrative Services, Genesis Healthcare, Genesis LLC, and GHC Payroll**

23. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

24. Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), guarantees to all persons within the jurisdiction of the United States the same right to make and enforce contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, as is enjoyed by white citizens.

25. By the actions described above, among others, Defendants discriminated against Ms. Coleman on the basis of her race, color and/or ethnicity in violation of Section 1981 by denying her the same terms and conditions of employment available to employees outside of her

protected class, including, but not limited to, subjecting her to disparate working conditions and the discriminatory conduct described above, up to and including the termination of Ms. Coleman's employment.

26. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendants in violation of Section 1981, Ms. Coleman has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

27. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendants in violation of Section 1981, Ms. Coleman has suffered, and continues to suffer, emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

28. The unlawful and discriminatory actions of Defendants constitute malicious, willful and wanton violations of Section 1981, for which Ms. Coleman is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
**(Retaliation in Violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1423)**
**Against Defendants Highgate at Paoli Pointe, Genesis Administrative Services, Genesis Healthcare, Genesis LLC, and GHC Payroll**

29. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

30. The Pennsylvania Whistleblower Law, 43 P.S. §§ 1421 et seq. (the "Whistleblower Law"), provides in 43 P.S. § 1423(a) that no employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms,

conditions, location or privileges of employment because the employee, or a person acting on behalf of the employee, makes a good faith report, or is about to report, verbally or in writing, to the employer or an appropriate authority, an instance of wrongdoing or waste.

31. At all relevant times, each Defendant was an "employer" within the meaning of the Whistleblower Law, 43 P.S. § 1422, as a public body and/or an employer that receives money from a public body to perform work or provide services.

32. By the actions described above, among others, Ms. Coleman made good faith reports of wrongdoing and/or waste to her employer and/or an appropriate authority.

33. Defendants knew of the good faith reports of Ms. Coleman and, because of those reports, discharged, threatened, discriminated and retaliated against Ms. Coleman regarding the compensation, terms, conditions and privileges of her employment, up to and including the termination of her employment, in violation of 43 P.S. § 1423(a).

34. As a direct and proximate result of the retaliatory conduct committed by Defendants in violation of the Whistleblower Law, Ms. Coleman has suffered, and continues to suffer, harm for which she is entitled to all remedies available under 43 P.S. § 1425, including reinstatement, payment of back wages, full reinstatement of fringe benefits and seniority rights, and actual damages, together with reasonable attorneys' fees and costs pursuant to 43 P.S. § 1424(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

(a) A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and/or the Commonwealth of Pennsylvania;

(b) An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

(c) An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated, including reinstatement of Plaintiff or, in the alternative, an award of front pay;

(d) An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, seniority and other benefits of employment;

(e) An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

(f) An award of punitive damages against Defendants, to the fullest extent permitted by law, in an amount to be determined at trial;

(g) An award of liquidated damages to the fullest extent permitted by law;

(h) An award of statutory damages, civil penalties and all other statutory remedies to the fullest extent permitted by law;

(i) Pre-judgment and post-judgment interest on all amounts due;

(j) An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

(k) Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 24, 2026
Philadelphia, Pennsylvania

Respectfully submitted,

/s/ Sammy Sugiura

Sammy Y. Sugiura
Greenberg Gross LLP
1650 Market Street, Suite 3600,
Philadelphia, PA 19103
SSugiura@GGTrialLaw.com

**Counsel for Plaintiff**